EVA PATERSON (SBN: 67081)
MONA TAWATAO (SBN: 128779)
**Equal Justice Society**
1939 Harrison Street, Suite 818
Oakland, California 94612
Telephone: (415) 288-8700
Facsimile:  (510) 338-3030
Email: epaterson@equaljusticesociety.org
          mtawatao@equaljusticesociety.org

MELINDA BIRD (SBN: 102236)
CARLY MUNSON (SBN: 254598)
**Disability Rights California**
350 S. Bixel St., Suite 290
Los Angeles, California 90017
Telephone: (213) 213-8000
Facsimile:  (213) 213-8001
Email: melinda.bird@disabilityrightsca.org
          carly.munson@disabilityrightsca.org

*ATTORNEYS FOR PLAINTIFFS*
(Additional Attorneys Listed on Final Page)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACK PARALLEL SCHOOL BOARD; S.A., by and through his Next Friend, AMY A.; K.E., by and through his Next Friend, JENNIFER E.; C.S., by and through his General Guardian, SAMUEL S.; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT; JORGE A. AGUILAR, Superintendent for Sacramento City Unified School District; CHRISTINE A. BAETA, Chief Academic Officer for the Sacramento City Unified School District; JESSIE RYAN, DARREL WOO, MICHAEL MINNICK, LISA MURAWSKI, LETICIA GARCIA, CHRISTINA PRITCHETT, and MAI VANG, members of the Sacramento City Unified School District Board of Education; THE BOARD OF EDUCATION OF SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>Defendants. | Case No. 2:19-cv-01768-TLN-KJN<br><br>**JOINT MOTION FOR EXTENSION OF STAY OF LITIGATION; AND ORDER**<br><br>Judge:         Hon. Troy L. Nunley<br>Courtroom:   7<br>Action Filed:  September 15, 2019 |

**NOTICE OF JOINT MOTION AND JOINT MOTION**

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT Plaintiffs Black Parallel School Board, S.A., K.E., and C.S. ("Plaintiffs"), and Defendants Sacramento City Unified School District, et al., and all of them (the "District") (collectively herein, "Parties"), through their respective counsel of record, hereby jointly move this Court for an extension of the stay of this litigation for an additional six months so that the experts engaged by the District pursuant to the Structured Negotiations Agreement may complete their work and the Parties may engage in agreed-upon structured settlement negotiations, as set forth below.

As the Parties jointly move for the requested stay and agree on the propriety and scope of same, the Parties do not believe argument or appearance is necessary for the Court to consider the requested further stay, but are prepared to appear if the Court so orders.

**STATEMENT OF FACTS**

The Parties hereby stipulate to the following facts:

1. Plaintiffs filed their Complaint and initiated the instant action on September 5, 2019. (ECF No. 1).

2. Plaintiffs served the District with its Complaint on September 10, 2019, and filed the related Proof of Service on October 17, 2019. (ECF No. 7).

3. Shortly after Plaintiffs' service of the Complaint, the Parties engaged in communications to negotiate requesting a stay of this litigation for a designated period of time to allow the Parties to participate in good faith negotiations toward a potential global resolution of this action, thereby preserving the Parties' and the Court's time and resources.

4. On December 19, 2019, the Parties entered into a Structured Negotiations Agreement ("Agreement"). (*See* ECF No. 24 at 9-23). The Parties also filed a joint motion for a stay of litigation for the Parties to engage in agreed-upon structured settlement negotiations and sought Court approval of same, which the Court ordered and approved on December 20, 2019. (ECF No. 25).

5. The Court's Order required the Parties to submit status reports every 90 days during the

period of the stay. To date, the Parties have filed two Joint Status Reports. (*See* ECF Nos. 28, 31). As reported in the Parties' First Joint Status Report, a number of interim measures and/or actions under the Agreement had been completed as of the filing of the Parties' First Joint Status Report. (*See* ECF No. 28 at 3-5). As of the filing of the Second Joint Status Report, the District had completed two remaining interim measures: revising the District's notice of suspension and executing service contracts with three subject matter experts. (*See* ECF No. 31 at 2-4).

Pursuant to the Agreement, the Parties seek this Court's approval of a further stay of this litigation to afford the Parties time to complete the activities described in the Agreement including, but not limited to, providing time to the subject matter experts to evaluate the District's programs, policies, and services and make recommendations that will inform potential resolution of this matter.

### GOVERNING LAW

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones* 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.* 299 U.S. 248) (1936)). In fact,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis*, 299 U.S. at 254-55.

Correspondingly, as this very Court has recognized, "[c]ourts have applied their discretionary authority to grant stays because it appeared that settlement discussions between the parties might prove fruitful." *Johnson v. Village*, Case No. 2:15-cv-02299-TLN-KJN, 2016 WL 1720710, at *6 (E.D. Cal. Apr. 29, 2016) (citing *EEOC v. Canadian Indemnity Co.*, 407 F.Supp. 1366, 1368 (C.D. Cal. 1976)).

### REQUEST FOR STAY

As outlined above, the Parties have successfully negotiated an agreed-upon structure for settlement discussions between the Parties, in the hope of reaching a global resolution of this matter without the need for protracted litigation. The Parties now jointly move and request that this Court

further stay this matter for six months so that the Parties may engage in the activities agreed-upon and outlined in the Agreement.

The Parties believe that a stay is justified because it will: (1) promote judicious use of the Parties' and Court's time and resources; and (2) offer the opportunity for speedy resolution and relief without protracted litigation, which is particularly critical where, as here, certain Plaintiffs are children and Defendants are governmental entities or officials. Given the Parties' negotiations to date, the Parties believe that a negotiated global resolution of this matter is viable, if given time to engage in the activities necessary to reach such a resolution. The Parties also agree that these activities would be significantly hindered if the Parties also had to engage in simultaneous motion and discovery practice.

This stay will also allow the Court to have continuing oversight over the matter at hand. The Parties agree to keep the Court apprised of their progress by filing joint status reports. The Parties agree that the first status report will be presented to the Court 30 days after the date on which this stay is ordered. In that report, the Parties will update the Court on any amendments to the interim measures within the Agreement which the Parties have agreed to by that time; Plaintiffs have proposed certain additional and/or modified interim measures which the Parties are discussing and will continue to discuss. The Parties agree that a second status report which will include, as applicable, a further update to the Court regarding any amendments to the interim measures, will be presented to the Court 45 days after the date on which the first status report is filed, and the third status report will be presented 60 days after the second status report is filed.

Pursuant to the terms of the Agreement, any Party may withdraw from settlement negotiations with sufficient advance written notice. If that occurs, the Parties will inform the Court so that the Court may lift the stay accordingly.

## CONCLUSION

Based upon the foregoing, the Parties respectfully move the Court to enter an order:

(1) Staying this litigation for all purposes for six months, including temporarily excusing the Parties from complying with this Court's Initial Pretrial Scheduling Order (ECF No. 4), so that the Parties can focus on and engage in structured settlement negotiations;

1  (2) Extending the time for Defendants to respond to Plaintiffs' Complaint until 30 days after the
2  stay is lifted upon order of this Court, should negotiations be unsuccessful or terminated by the
3  Parties; and

4  (3) Scheduling a date for the Parties to file a joint status report that will permit the Parties to
5  update the Court on the progress of settlement efforts 30 days after the entry of an order granting this
6  joint motion, and then scheduling two additional status reports after that, at 45-day and 60-day
7  intervals, respectively, during the requested stay.

DATED: July 10, 2020                            Respectfully submitted,

**EQUAL JUSTICE SOCIETY**

/s/ Mona Tawatao (as authorized on July 10, 2020)
MONA TAWATAO
*Attorneys for Plaintiffs*

**DISABILITY RIGHTS CALIFORNIA**

/s/ Melinda Bird (as authorized on July 10, 2020)
MELINDA BIRD
*Attorneys for Plaintiffs*

**NATIONAL CENTER FOR YOUTH LAW**

/s/ Michael Harris (as authorized on July 10, 2020)
MICHAEL HARRIS
*Attorneys for Plaintiffs*

**WESTERN CENTER ON LAW AND POVERTY**

/s/Antionette Dozier (as authorized on July 10, 2020
ANTIONETTE DOZIER
*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| 3 | DATED: July 10, 2020 | Respectfully submitted |
| 4 | | **LOZANO SMITH** |
| 6 | | /s/ Sloan Simmons (as authorized on July 10, 2020) |
| 7 | | SLOAN SIMMONS<br>*Attorneys for Defendants* |

*ADDITIONAL ATTORNEYS FOR PLAINTIFFS (cont'd. from first page)*

RAMAAH SADASIVAM (SBN: 267156)
BRIDGET CLAYCOMB (SBN: 312001)
LAUREN LYSTRUP (SBN: 326849)
**Disability Rights California**
1330 Broadway, #500
Oakland, California 94612
Telephone: (510) 267-1200
Facsimile:  (510) 267-1201
Email: ramaah.sadasivam@disabilityrightsca.org
    bridget.claycomb@disabilityrightsca.org
    lauren.lystrup@disabilityrightsca.org

MICHAEL HARRIS (SBN: 118234)
**National Center for Youth Law**
405 14th Street, Floor 15
Oakland, California 94612
Telephone:  (510) 835-8098
Facsimile:   (410) 835-8099
Email: mharris@youthlaw.org

ANTOINETTE DOZIER (SBN: 244437)
RICHARD ROTHSCHILD (SBN: 67356)
**Western Center on Law and Poverty**
3701 Wilshire Boulevard, Suite 208
Los Angeles, California 90010
Telephone: (213) 487-7211
Facsimile:   (213) 487-0242
Email: adozier@wclp.org
    rrothschild@wclp.org

*ATTORNEYS FOR DEFENDANTS*

SLOAN R. SIMMONS (SBN: 233752)
ALYSSA R. BIVENS (SBN: 308331)
**Lozano Smith**
One Capital Mall, Suite 640
Sacramento, California 94814
Telephone:  (916) 329-7433
Facsimile:   (916) 329-9050
Email: ssimmons@lozanosmith.com
    abivins@lozanosmith.com

Not. & Joint Mot. For Extension of Stay of Litigation & Proposed Order
*Black Parallel School Board et al. v. SCUSD et al.*, Case No. 2:19-cv-01768-TLN-KJN

# **ORDER**

Pursuant to the foregoing Joint Motion of the Parties, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

(1) This action is temporarily stayed for six months for all purposes to enable the Parties to focus on and engage in settlement efforts;

(2) While this stay is in effect, the Parties are excused from complying with this Court's Initial Pretrial Scheduling Order (ECF No. 4);

(3) While this stay is in effect, the Defendants are not required to file a responsive pleading until 30 days after any stay in this action is lifted; and

(4) The Parties shall file a status report no later than thirty (30) days from the date of this order, file a second status report forty-five (45) days after the first status report, and file a third status report sixty (60) days after the second status report, so long as this stay remains in effect unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: July 14, 2020

Troy L. Nunley
United States District Judge