EVA PATERSON (SBN: 67081)
MONA TAWATAO (SBN: 128779)
ALEXANDRA SANTA ANA (SBN: 317852)
**Equal Justice Society**
1939 Harrison Street, Suite 818
Oakland, California 94612
Telephone: (415) 288-8700
Facsimile: (510) 338-3030
Email: epaterson@equaljusticesociety.org
          mtawatao@equaljusticesociety.org
          ASantaAna@equaljusticesociety.org

MELINDA BIRD (SBN: 102236)
**Disability Rights California**
350 S. Bixel Street, Suite 290
Los Angeles, California 90017
Telephone: (213) 213-8000
Facsimile: (213) 213-8001
Email: melinda.bird@disabilityrightsca.org

*ATTORNEYS FOR PLAINTIFFS*
(Additional Attorneys Listed on Final Page)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACK PARALLEL SCHOOL BOARD; S.A., by and through his Next Friend, AMY A.; K.E., by and through his Next Friend, JENNIFER E.; C.S., by and through his General Guardian, SAMUEL S.; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT; JORGE A. AGUILAR, Superintendent for Sacramento City Unified School District; CHRISTINE A. BAETA, Chief Academic Officer for the Sacramento City Unified School District; JESSIE RYAN, DARREL WOO, MICHAEL MINNICK, LISA MURAWSKI, LETICIA GARCIA, CHRISTINA PRITCHETT, and MAI VANG, members of the Sacramento City Unified School District Board of Education; THE BOARD OF EDUCATION OF SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>Defendants. | Case No. 2:19-cv-01768-TLN-KJN<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION FOR FURTHER EXTENSION OF STAY OF LITIGATION; AND ORDER**<br><br>Judge:   Hon. Troy L. Nunley<br>Courtroom: 7<br>Action Filed: September 5, 2019 |

**NOTICE OF JOINT MOTION AND MOTION TO FURTHER EXTEND THE STAY**

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE Plaintiffs Black Parallel School Board as well as S.A., K.E., and C.S. ("Plaintiffs"), by and through their guardians, and Defendants Sacramento City Unified School District, et al. (the "District") (collectively with Plaintiffs, "Parties"), through their respective counsel of record, hereby jointly move this Court for a further extension of the stay of this litigation for an additional four months, to February 4, 2022, so that the Parties may engage in agreed-upon structured settlement negotiations, as set forth below.

As the Parties jointly move for the requested stay and agree on the propriety and scope of same, the Parties do not believe argument or appearance is necessary for the Court to consider the requested further stay, but are prepared to appear if the Court so orders.

**STATEMENT OF FACTS**

The Parties hereby stipulate to the following facts:

1. Plaintiffs filed their Complaint and initiated the instant action on September 5, 2019. (ECF No. 1).

2. Plaintiffs served the District with its Complaint on September 10, 2019, and filed the related Proof of Service on October 17, 2019. (ECF No. 7).

3. Shortly after Plaintiffs' service of the Complaint, the Parties engaged in communications to negotiate requesting a stay of this litigation for a designated period of time to allow the Parties to participate in good faith negotiations toward a potential global resolution of this action, thereby preserving the Parties' and the Court's time and resources.

4. On December 19, 2019, the Parties entered into a Structured Negotiations Agreement ("Agreement"). (*See* ECF No. 24 at 9-23). The Parties also filed a joint motion for a stay of litigation for the Parties to engage in agreed-upon structured settlement negotiations and sought Court approval of same, which the Court ordered and approved on December 20, 2019. (ECF No. 25).

5. The Court's Order required the Parties to submit status reports every 90 days during the period of the stay. (ECF No. 25). The Parties filed the First Joint Status Report in April

2020 and the Second Joint Status Report in July 2020. (*See* ECF Nos. 28, 31). The Parties reported in the First and Second Joint Status Reports that a number of interim measures and/or actions under the Agreement had been completed. (ECF Nos. 28 at 3-5, 31 at 2-4). Additionally, in the Second Joint Status Report, the Parties reported that the District had executed contracts to hire three neutral, third-party subject matter experts – Dr. Jeffrey Sprague, Dr. Nancy Dome, and Dr. Jean Gonsier-Gerdin (collectively, "Experts"). (ECF No. 31 at 3). The Parties further reported that they were working collaboratively with the Experts to finalize the "Experts' Evaluation Plan" ("Plan"). (ECF No. 31 at 3). The Plan identified the Experts' specific steps and work necessary to guide the Experts in their review and analysis of the District under the Agreement. (ECF No. 31 at 3).

6. On July 10, 2020, the Parties filed a joint motion to extend the stay for six months to allow the Parties time to complete the activities described in the Agreement, including but not limited to providing time to the Experts to evaluate the District's programs, policies and services and make recommendations that would inform potential resolution of this matter. (ECF No. 33). The Court granted the Parties' joint motion on July 14, 2020. (ECF No. 34).

7. The Court's Order required the Parties to submit a status report thirty days from the date of the Court's Order, a second status report 45 days after the first status report, and a third status report 60 days after the second status report during the extended period of the stay. (ECF No. 34). Accordingly, the Parties filed a Third Joint Status Report on August 13, 2020; a Fourth Joint Status Report on September 28, 2020; and a Fifth Joint Status Report on November 30, 2020. (ECF Nos. 36, 37, and 38).

8. On January 6, 2021, the Parties filed another joint motion to extend the stay by an additional five months to enable the Parties to continue to engage in structured settlement negotiations and allow the Experts to complete their assessment of the District. (ECF No. 39). The Court granted the Parties' joint motion on January 8, 2021 and also ordered the Parties to file a status report 75 days later and every 75 days thereafter during the duration of the extended stay. (ECF No. 40). Accordingly, the Parties filed a Sixth Joint Status Report on March 23, 2021 and a Seventh Joint Status Report on June 1, 2021. (ECF Nos. 41 and 43).

9. On June 1, 2021, the Parties filed a joint motion to extend the stay an additional four months to allow the Parties to continue to engage in structured settlement negotiations and allow the Experts to complete their report on the District. The Court granted the Parties' joint motion on June 2, 2021 and ordered the Parties to file a status report no later than 75 days from the date of the order, and every 75 days thereafter for the duration of the extended stay period. Accordingly, the Parties filed an eighth joint status report on August 16, 2021. (ECF No. 46).

10. In the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Joint Status Reports, the Parties provided the Court with updates regarding the Parties' implementation of the Agreement. (*See* ECF Nos. 36, 37, 38, 41, 43, 46).  First, the Parties reported that they were working in collaboration with the Experts and Dr. Judy Elliott to finalize the Plan.  (*See* ECF Nos. 36 at 2-3, 37 at 3, 38 at 3).  In the Fifth Joint Status Report, the Parties reported that the Experts were close to finalizing the Plan and had made an initial request to the District for documents and data sources, including but not limited to specific District policies and procedures, to begin their review of the District.  (ECF No. 38 at 3).  In the Sixth Joint Status Report, the Parties reported that the Experts had completed and executed the Plan to complete the steps set out in the Scope of Work agreed upon through the Agreement.  (*See* ECF No. 41). Additionally, in the Third, Fourth, Fifth, and Sixth Joint Status Reports, the Parties reported that they had exchanged various proposals regarding additions and/or modifications to interim measures in the Agreement.  (ECF Nos. 36 at 3, 37 at 4, 38 at 3).

11. The Parties also reported that various factors, including but not limited to the COVID-19 pandemic, had delayed the Experts' commencement and completion of their work under the Agreement.  (*See* ECF Nos. 37 at 3, 38 at 3).  As a result, the Parties anticipated finalizing and executing a side agreement to extend the date by which the Experts must finalize their work under the Agreement.  (*See* ECF Nos. 37 at 3, 38 at 3).  The Parties executed this side agreement on March 26, 2021. In the Side Agreement, the Parties agreed for the Experts' Report to be completed by May 30, 2021. After execution of the Side Agreement, the Experts informed both Parties that additional time was needed to complete the Report. Accordingly, on June 28, 2021, the Parties executed an Addendum to the Side Agreement that extended

1  the deadline for the Experts' Report to September 10, 2021. In the Seventh Joint Status
2  Report, the Parties reported that the Experts had been conducting interviews with class
3  members and their families, as well as various stakeholder organizations and individuals
4  connected to the District. (ECF No. 43 at 3). As reported in the Parties' Eighth Joint Status
5  Report, the Experts completed these interviews, as well as a review and analysis of individual
6  student records and documents and data sources related to the District's policies and
7  procedures. (ECF No. 46 at 3-4). The Experts were in the process of drafting their report.
8  (ECF No. 46 at 4).

9  12. The Experts have informed both Parties that they have completed a summary table of their
10  findings and recommendations and project October 4, 2021 as the completion date for a draft
11  of their report. Additional time is needed to finalize the Experts' Report after both Parties are
12  able to provide feedback to the Experts.

13  Pursuant to the Agreement, the Parties seek this Court's approval of a further stay of this
14 litigation to afford the Parties additional time to complete the activities described with regard to and
15 in the Agreement including, but not limited to, extending the time for the Experts to incorporate the
16 Parties' feedback and finalize the Experts' Report, and allowing the Parties to engage in the agreed-
17 upon structured negotiations informed by the Experts' Report, with the goal of resolving this matter.

18 **GOVERNING LAW**

19 This Court "has broad discretion to stay proceedings as an incident to its power to control its
20 own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S.
21 248) (1936)).  In fact,

22  [T]he power to stay proceedings is incidental to the power inherent in every court to
   control the disposition of the causes on its docket with economy of time and effort for
23  itself, for counsel, and for litigants.  How this can best be done calls for the exercise of
   judgment, which must weigh competing interests and maintain an even balance.
24

25 *Landis*, 299 U.S. at 254-55.

26 Correspondingly, as this Court has recognized, "[c]ourts have applied their discretionary
27 authority to grant stays because it appeared that settlement discussions between the parties might
28 prove fruitful." *Johnson v. Village*, Case No. 2:15-cv-02299-TLN-KJN, 2016 WL 1720710, at *6

1  (E.D. Cal. Apr. 29, 2016) (citing *EEOC v. Canadian Indem. Co.*, 407 F. Supp. 1366, 1368 (C.D. Cal.
2  1976)).

### REQUEST FOR STAY

4   As outlined above, the Parties have successfully negotiated an agreed-upon structure for settlement discussions between the Parties, in the hope of reaching a global resolution of this matter without the need for protracted litigation.  The Parties now jointly move and request that this Court further stay this matter for four more months, to February 4, 2022, so that the Parties may engage in the activities agreed-upon and outlined in the Agreement.

   Good cause exists to grant the Parties' joint motion.  As noted above, the Experts' full commencement of work under the Agreement was delayed due to various factors, including but not limited to the COVID-19 pandemic.  (*See* ECF Nos. 37 at 3, 38 at 3).  As a result of this delay, the Experts were not able to complete their work under the Agreement by January 2021 and required additional time to complete their work under the Agreement. Now that the Experts' work is near completion, the Parties request an extension of the stay in order to engage in structured negotiations.

   Moreover, the Parties believe that a stay is justified because it will: (1) promote judicious use of the Parties' and Court's time and resources; and (2) offer the opportunity for speedy resolution and relief without protracted litigation, which is particularly critical where, as here, certain Plaintiffs are children and Defendants are governmental entities or officials.  Given the Parties' negotiations to date, the Parties believe that a negotiated global resolution of this matter is viable, if given time to engage in the activities necessary to reach such a resolution.  The Parties also agree that these activities would be significantly hindered if the Parties also had to engage in simultaneous motion and discovery practice.

   Pursuant to the terms of the Agreement, any Party may withdraw from settlement negotiations with sufficient advance written notice.  If that occurs, the Parties will inform the Court so that the Court may lift the stay accordingly.

### CONCLUSION

   Based upon the foregoing, the Parties respectfully move the Court to enter an order:

   (1) Staying this litigation for all purposes for four more months, to February 4, 2022, including

temporarily excusing the Parties from complying with this Court's Initial Pretrial Scheduling Order (ECF No. 4), so that the Parties can focus on and engage in structured settlement negotiations;

(2) Extending the time for Defendants to respond to Plaintiffs' Complaint until 30 days after the stay is lifted upon order of this Court, should negotiations be unsuccessful or terminated by the Parties; and

DATED: September 27, 2021             Respectfully submitted,

**EQUAL JUSTICE SOCIETY**


/s/ Mona Tawatao (as authorized on September 24, 2021)
MONA TAWATAO
*Attorneys for Plaintiffs*


**DISABILITY RIGHTS CALIFORNIA**


/s/ Ramaah Sadasivam (as authorized on September 24, 2021)
RAMAAH SADASIVAM
*Attorneys for Plaintiffs*


**NATIONAL CENTER FOR YOUTH LAW**


/s/ Michael Harris (as authorized on September 24, 2021)
MICHAEL HARRIS
*Attorneys for Plaintiffs*
**WESTERN CENTER ON LAW AND POVERTY**


/s/ Antionette Dozier (as authorized on September 24, 2021)
ANTIONETTE DOZIER
*Attorneys for Plaintiffs*

DATED: September 27, 2021

Respectfully submitted,

**LOZANO SMITH**

/s/ Sloan Simmons (as authorized on September 24, 2021)
SLOAN SIMMONS
*Attorneys for Defendant*

Not. & Joint Mot. For Further Extension of Stay of Litigation & Order
*Black Parallel School Board et al. v. SCUSD et al.*, Case No. 2:19-cv-01768-TLN-KJN

*ADDITIONAL ATTORNEYS FOR PLAINTIFFS (cont'd. from first page)*

RAMAAH SADASIVAM (SBN: 267156)
BRIDGET CLAYCOMB (SBN: 312001)
LAUREN LYSTRUP (SBN: 326849)
**Disability Rights California**
1000 Broadway, Suite 395
Oakland, California 94612
Telephone: (510) 267-1200
Facsimile:  (510) 267-1201
Email: ramaah.sadasivam@disabilityrightsca.org
         bridget.claycomb@disabilityrightsca.org
         lauren.lystrup@disabilityrightsca.org

MICHAEL HARRIS (SBN: 118234)
ATASI UPPAL (SBN: 330716)
**National Center for Youth Law**
1212 Broadway, Suite 600
Oakland, California 94612
Telephone:  (510) 835-8098
Facsimile:   (410) 835-8099
Email: mharris@youthlaw.org
         auppal@youthlaw.org

ANTIONETTE DOZIER (SBN: 244437)
RICHARD ROTHSCHILD (SBN: 67356)
**Western Center on Law and Poverty**
3701 Wilshire Boulevard, Suite 208
Los Angeles, California 90010
Telephone: (213) 487-7211
Facsimile:  (213) 487-0242
Email: adozier@wclp.org
         rrothschild@wclp.org

*ATTORNEYS FOR DEFENDANTS*

SLOAN R. SIMMONS (SBN: 233752)
ALYSSA R. BIVENS (SBN: 308331)
**Lozano Smith**
One Capital Mall, Suite 640
Sacramento, California 94814
Telephone: (916) 329-7433
Facsimile:   (916) 329-9050
Email: ssimmons@lozanosmith.com
         abivins@lozanosmith.com

**ORDER**

Pursuant to the foregoing Joint Motion of the Parties, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

(1) This action is temporarily stayed for four months, to February 4, 2022, for all purposes to enable the Parties to focus on and engage in settlement efforts;

(2) While this stay is in effect, the Parties are excused from complying with this Court's Initial Pretrial Scheduling Order (ECF No. 4);

(3) While this stay is in effect, the Defendants are not required to file a responsive pleading until 30 days after any stay in this action is lifted.

**IT IS SO ORDERED.**

DATED: September 27, 2021

Troy L. Nunley
United States District Judge