EVA PATERSON (SBN: 67081)
MONA TAWATAO (SBN: 128779)
ALEXANDRA SANTA ANA (SBN: 317852)
**Equal Justice Society**
1939 Harrison Street, Suite 818
Oakland, California 94612
Telephone: (415) 288-8700
Facsimile:  (510) 338-3030
Email: epaterson@equaljusticesociety.org
         mtawatao@equaljusticesociety.org
         asantaana@equaljusticesociety.org

MELINDA BIRD (SBN: 102236)
**Disability Rights California**
350 S. Bixel Street, Suite 290
Los Angeles, California 90017
Telephone: (213) 213-8000
Facsimile:  (213) 213-8001
Email: melinda.bird@disabilityrightsca.org

*ATTORNEYS FOR PLAINTIFFS*
(Additional Attorneys Listed on Final Page)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACK PARALLEL SCHOOL BOARD; S.A., by and through his Next Friend, AMY A.; K.E., by and through his Next Friend, JENNIFER E.; C.S., by and through his General Guardian, SAMUEL S.; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT; JORGE A. AGUILAR, Superintendent for Sacramento City Unified School District; CHRISTINE A. BAETA, Chief Academic Officer for the Sacramento City Unified School District; JESSIE RYAN, DARREL WOO, MICHAEL MINNICK, LISA MURAWSKI, LETICIA GARCIA, CHRISTINA PRITCHETT, and MAI VANG, members of the Sacramento City Unified School District Board of Education; THE BOARD OF EDUCATION OF SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>Defendants. | Case No. 2:19-cv-01768-TLN-KJN<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION FOR FURTHER EXTENSION OF STAY OF LITIGATION; AND ORDER**<br><br>Judge:         Hon. Troy L. Nunley<br>Courtroom:   7<br>Action Filed:  September 5, 2019<br><br>**NO ARGUMENT OR APPEARANCE NECESSARY UNLESS SPECIFICALLY REQUIRED BY COURT** |

**NOTICE OF JOINT MOTION AND MOTION TO FURTHER EXTEND THE STAY**

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE Plaintiffs Black Parallel School Board as well as S.A., K.E., and C.S. ("Plaintiffs"), by and through their guardians, and Defendants Sacramento City Unified School District, et al. (the "District") (collectively with Plaintiffs, "Parties"), through their respective counsel of record, hereby jointly move this Court for a further extension of the stay of this litigation for an additional three months, to August 4, 2022, so that the Parties may engage in agreed-upon structured settlement negotiations, as set forth below.

As the Parties jointly move for the requested stay and agree on the propriety and scope of same, the Parties do not believe argument or appearance is necessary for the Court to consider the requested further stay, but are prepared to appear if the Court so orders.

**STATEMENT OF FACTS**

The Parties hereby stipulate to the following facts:

1. Plaintiffs filed their Complaint and initiated the instant action on September 5, 2019. (ECF No. 1).

2. Plaintiffs served the District with its Complaint on September 10, 2019, and filed the related Proof of Service on October 17, 2019. (ECF No. 7).

3. Shortly after Plaintiffs' service of the Complaint, the Parties engaged in communications to negotiate requesting a stay of this litigation for a designated period of time to allow the Parties to participate in good faith negotiations toward a potential global resolution of this action, thereby preserving the Parties' and the Court's time and resources.

4. On December 19, 2019, the Parties entered into a Structured Negotiations Agreement ("Agreement"). (*See* ECF No. 24 at 9-23). The Parties also filed a joint motion for a stay of litigation for the Parties to engage in agreed-upon structured settlement negotiations and sought Court approval of the same, which the Court ordered and approved on December 20, 2019. (ECF No. 25).

5. The Court's Order required the Parties to submit status reports every 90 days during the period of the stay. (ECF No. 25). The Parties reported in the First and Second Joint Status

Reports that a number of interim measures and/or actions under the Agreement had been completed. (ECF Nos. 28 at 3-5, 31 at 2-4). Additionally, in the Second Joint Status Report, the Parties reported that the District had executed contracts to hire three neutral, third-party subject matter experts – Dr. Jeffrey Sprague, Dr. Nancy Dome, and Dr. Jean Gonsier-Gerdin (collectively, "Experts"). (ECF No. 31 at 3). The Parties further reported on an "Experts' Evaluation Plan" containing specific steps and work necessary to guide the Experts in their review and analysis of the District under the Agreement. (ECF No. 31 at 3).

6. On July 14, 2020, the Court granted the Parties' joint motion to extend the stay for six months to allow the Parties time to complete the activities described in the Agreement, including but not limited to providing time to the Experts to evaluate the District's programs, policies and services, and make recommendations that would inform potential resolution of this matter. (ECF No. 33, 34).

7. Per the terms of the July 10, 2020 Order, the Parties filed a Third Joint Status Report on August 13, 2020; a Fourth Joint Status Report on September 28, 2020; and a Fifth Joint Status Report on November 30, 2020. (ECF Nos. 36, 37, and 38).

8. On January 6, 2021, the Parties filed another joint motion to extend the stay by an additional five months to enable the Parties to continue to engage in structured settlement negotiations and allow the Experts to complete their assessment of the District. (ECF No. 39). The Court granted the Parties' joint motion on January 8, 2021 and also ordered the Parties to file a status report 75 days later and every 75 days thereafter during the duration of the extended stay. (ECF No. 40). Accordingly, the Parties filed a Sixth Joint Status Report on March 23, 2021 and a Seventh Joint Status Report on June 1, 2021. (ECF Nos. 41 and 43).

9. On June 1, 2021, the Parties filed a joint motion to extend the stay an additional four months to allow the Parties to continue to engage in structured settlement negotiations and allow the Experts to complete their report on the District. The Court granted the Parties' joint motion on June 2, 2021. Pursuant to that order, the Parties filed an eighth joint status report on August 16, 2021. (ECF No. 46).

///

10. On September 27, 2021, the Parties filed an additional motion to extend the stay an additional four months to allow the Experts to complete their report and to allow the Parties to engage in structured settlement negotiations.  The Court granted the Parties' joint motion on September 28, 2021.

11. In the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Joint Status Reports, the Parties provided the Court with updates regarding the Parties' implementation of the Agreement. (*See* ECF Nos. 36, 37, 38, 41, 43, 46).  First, the Parties reported that they were working in collaboration with the Experts and Dr. Judy Elliott to finalize the Plan.  (*See* ECF Nos. 36 at 2-3, 37 at 3, 38 at 3).  In the Fifth Joint Status Report, the Parties reported that the Experts were close to finalizing the Plan and had made an initial request to the District for documents and data sources, including but not limited to specific District policies and procedures, to begin their review of the District.  (ECF No. 38 at 3).  In the Sixth Joint Status Report, the Parties reported that the Experts had completed and executed the Plan to complete the steps set out in the Scope of Work agreed upon through the Agreement.  (*See* ECF No. 41). Additionally, in the Third, Fourth, Fifth, and Sixth Joint Status Reports, the Parties reported that they had exchanged various proposals regarding additions and/or modifications to interim measures in the Agreement.  (ECF Nos. 36 at 3, 37 at 4, 38 at 3).

12. The Parties also reported that various factors, including but not limited to the COVID-19 pandemic, had delayed the Experts' commencement and completion of their work under the Agreement.  (*See* ECF Nos. 37 at 3, 38 at 3).  As a result, the Parties anticipated finalizing and executing a side agreement to extend the date by which the Experts must finalize their work under the Agreement.  (*See* ECF Nos. 37 at 3, 38 at 3).  The Parties executed this side agreement on March 26, 2021.

13. The Parties received the Experts' confidential final report on January 21, 2022 and thereafter began the settlement negotiations process.

14. On January 27, 2022 the Parties filed an additional motion to extend the stay until May 4, 2022 to allow the Parties to engage in settlement negotiations informed by the Experts' Report. The Court granted the Parties' joint motion on January 27, 2022.

15. To prevent delays and facilitate settlement, the Parties agreed to have at least three settlement meetings.

16. The Parties also agreed that if the Parties are unable to successfully negotiate a settlement agreement on their own, the Parties may request the assistance of a magistrate judge to facilitate the process.

17. The Parties have begun the settlement negotiations process in earnest and have so far met twice.

18. In addition to the two settlement discussion meetings, the Parties have engaged in substantive written exchanges that have furthered the settlement process.

19. As the Parties are currently engaged in productive settlement discussions, the Parties jointly seek an additional extension of the stay in order to continue this process.

20. In order to facilitate settlement, the Parties agree to hold at least two meetings to discuss or negotiate settlement each month in May, June, and July 2022. In addition, the Parties agree to establish weekly settlement calls at the appropriate juncture to move the settlement process forward.

21. Furthermore, to ensure that settlement discussions are productive, the Defendants agree to include key District staff in the relevant planned settlement meetings.

Pursuant to the Agreement, the Parties seek this Court's approval of a further stay of this litigation to afford the Parties additional time to complete the activities described with regard to and in the Agreement including, but not limited to, allowing the Parties to continue to engage in the agreed-upon structured negotiations with the goal of resolving this matter.

**GOVERNING LAW**

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248) (1936)). In fact,

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of

judgment, which must weigh competing interests and maintain an even balance. *Landis*, 299 U.S. at 254-55.

Correspondingly, as this Court has recognized, "[c]ourts have applied their discretionary authority to grant stays because it appeared that settlement discussions between the parties might prove fruitful." *Johnson v. Village*, Case No. 2:15-cv-02299-TLN-KJN, 2016 WL 1720710, at *6 (E.D. Cal. Apr. 29, 2016) (citing *EEOC v. Canadian Indem. Co.*, 407 F. Supp. 1366, 1368 (C.D. Cal. 1976)).

## REQUEST FOR STAY

As outlined above, the Parties have successfully negotiated an agreed-upon structure for settlement discussions between the Parties, in the hope of reaching a global resolution of this matter without the need for protracted litigation. The Parties now jointly move and request that this Court further stay this matter for three more months, to August 4, 2022, so that the Parties may continue to engage in the activities agreed-upon and outlined in the Agreement.

Good cause exists to grant the Parties' joint motion. As noted above, the Experts' full commencement of work under the Agreement was delayed due to various factors, including but not limited to the COVID-19 pandemic. (*See* ECF Nos. 37 at 3, 38 at 3). As a result of this delay, the Experts were not able to complete their work under the Agreement by January 2021 and required additional time to complete their work under the Agreement.

Moreover, the Parties believe that a stay is justified because it will: (1) promote judicious use of the Parties' and Court's time and resources; and (2) offer the opportunity for speedy resolution and relief without protracted litigation, which is particularly critical where, as here, certain Plaintiffs are children and Defendants are governmental entities or officials. Given the Parties' negotiations to date, the Parties believe that a negotiated global resolution of this matter is viable, if given time to engage in the activities necessary to reach such a resolution. The Parties also agree that these activities would be significantly hindered if the Parties also had to engage in simultaneous motion and discovery practice.

///

///

Pursuant to the terms of the Agreement, any Party may withdraw from settlement negotiations with sufficient advance written notice.  If that occurs, the Parties will inform the Court so that the Court may lift the stay accordingly.

## CONCLUSION

Based upon the foregoing, the Parties respectfully move the Court to enter an order:

(1) Staying this litigation for all purposes for three more months, to August 4, 2022, including temporarily excusing the Parties from complying with this Court's Initial Pretrial Scheduling Order (ECF No. 4), so that the Parties can focus on and engage in structured settlement negotiations; and

(2) Extending the time for Defendants to respond to Plaintiffs' Complaint until 30 days after the stay is lifted upon order of this Court, should negotiations be unsuccessful or terminated by the Parties.

DATED: April 27, 2022              Respectfully submitted,

**EQUAL JUSTICE SOCIETY**

/s/ Mona Tawatao (as authorized on April 27, 2022)
MONA TAWATAO
*Attorneys for Plaintiffs*

**DISABILITY RIGHTS CALIFORNIA**

/s/ Ramaah Sadasivam (as authorized on April 27, 2022)
RAMAAH SADASIVAM
*Attorneys for Plaintiffs*

**NATIONAL CENTER FOR YOUTH LAW**

/s/ Michael Harris (as authorized on April 27, 2022)
MICHAEL HARRIS
*Attorneys for Plaintiffs*

**WESTERN CENTER ON LAW AND POVERTY**

<u>/s/ Antionette Dozier (as authorized on April 27, 2022)</u>
ANTIONETTE DOZIER
*Attorneys for Plaintiffs*

DATED: <u>April 27, 2022</u>   Respectfully submitted,

**LOZANO SMITH**

<u>/s/ Sloan Simmons (as authorized on April 27, 2022)</u>
SLOAN SIMMONS
*Attorneys for Defendant*

*ADDITIONAL ATTORNEYS FOR PLAINTIFFS (cont'd. from first page)*

RAMAAH SADASIVAM (SBN: 267156)
BRIDGET CLAYCOMB (SBN: 312001)
**Disability Rights California**
1000 Broadway, Suite 395
Oakland, California 94612
Telephone: (510) 267-1200
Facsimile:  (510) 267-1201
Email: ramaah.sadasivam@disabilityrightsca.org
          bridget.claycomb@disabilityrightsca.org


MICHAEL HARRIS (SBN: 118234)
ATASI UPPAL (SBN: 330716)
**National Center for Youth Law**
1212 Broadway, Suite 600
Oakland, California 94612
Telephone:  (510) 835-8098
Facsimile:   (410) 835-8099
Email: mharris@youthlaw.org
          auppal@youthlaw.org

ANTIONETTE DOZIER (SBN: 244437)
RICHARD ROTHSCHILD (SBN: 67356)
**Western Center on Law and Poverty**
3701 Wilshire Boulevard, Suite 208
Los Angeles, California 90010
Telephone: (213) 487-7211
Facsimile:  (213) 487-0242
Email: adozier@wclp.org
          rrothschild@wclp.org

Not. & Joint Mot. For Further Extension of Stay of Litigation & Order
*Black Parallel School Board et al. v. SCUSD et al.*, Case No. 2:19-cv-01768-TLN-KJN
9

**ORDER**

Pursuant to the foregoing Joint Motion of the Parties, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

(1) This action is temporarily stayed for three months, to August 4, 2022, for all purposes to enable the Parties to focus on and engage in settlement efforts;

(2) While this stay is in effect, the Parties are excused from complying with this Court's Initial Pretrial Scheduling Order (ECF No. 4); and

(3) While this stay is in effect, the Defendants are not required to file a responsive pleading until 30 days after any stay in this action is lifted.

**IT IS SO ORDERED.**

Dated: April 28, 2022

Troy L. Nunley
United States District Judge